**ROBERT H. REXRODE, III**
California State Bar No. 230024
427 C Street, Suite 300
San Diego, California  92101
Telephone:  (619) 233-3169, Ext. 13
Facsimile:  (619) 684-3553
robert_rexrode@rexrodelawoffices.com

Attorneys for Mr. Javier Soto-Castro

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE MARILYN L. HUFF**)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.  07cr3281-H |
|             Plaintiff, ) | |
| v. ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS. |
| JAVIER SOTO-CASTRO, ) | |
|             Defendant. ) | |
| _____ ) | |

**I.**

**FACTUAL & PROCEDURAL HISTORY**[1]

On November 25, 2007, agents arrested Mr. Soto-Castro at the Calexico West Port of Entry.  Agents later found approximately 11.96 kilograms of methamphetamine secreted in the car driven by Mr. Soto-Castro.

On Secember 5, 2007, the government secured a two-indictment against Mr. Soto-Castro, charging him with importing methamphetamine and possessing methamphetamine with the intent to distribute it.  The government secured this indictment from the January 2007 Grand Jury.

//

---

[1]The following facts are based on information provided by the government.  Mr. Soto-Castro does not admit their accuracy and reserves the right to challenge them.

## II.

## MOTION COMPEL DISCOVERY

Mr. Soto-Castro requests the following discovery. His request is not limited to those items that the prosecutor knows of. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

(1) <u>Brady Information</u>. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under *Brady v. Maryland*, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

(2) <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

(3) <u>Request for Preservation of Evidence</u>. The defendant requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any evidence seized from the defendant or any third party.

(4) <u>Defendant's Statements</u>. The defendant requests disclosure and production of all statements made by the defendant. This request includes, but is not limited to, the substance

1  of any oral statement made by the defendant, Fed. R. Crim. P. 16(a)(1)(A), and any written
2  or recorded statement made by the defendant.  Fed. R. Crim. P. 16(a)(1)(B)(i)-(iii).
3      (5)  <u>Tangible Objects</u>.  The defendant seeks to inspect and copy as well as test, if
4  necessary, all other documents and tangible objects, including photographs, books, papers,
5  documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof,
6  which are material to the defense or intended for use in the government's case-in-chief or
7  were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(E).
8      (6)  <u>Expert Witnesses</u>.  The defendant requests the name, qualifications, and a written
9  summary of the testimony of any person that the government intends to call as an expert
10 witness during its case in chief.  Fed. R. Crim. P. 16(a)(1)(G).
11     (7)  <u>Witness Addresses</u>.  The defendant requests access to the government's witnesses.
12 Thus, counsel requests a witness list and contact phone numbers for each prospective
13 government witness.  Counsel also requests the names and contact numbers for
14 witnesses to the crime or crimes charged (or any of the overt acts committed in furtherance
15 thereof) who will <u>not</u> be called as government witnesses.
16     (8)  <u>Jencks Act Material</u>.  Mr. Soto-Castro requests production in advance of trial of
17 material discoverable under  the Jencks Act, 18 U.S.C. § 3500.  Advance production will
18 avoid needless delays at pretrial hearings and at trial.  This request includes any "rough"
19 notes taken by the agents in this case.  This request also includes production of transcripts
20 of the testimony of any witness before the grand jury.  *See* 18 U.S.C. § 3500(e)(1)-(3).
21     (9)  <u>Informants and Cooperating Witnesses</u>.  Mr. Soto-Castro requests disclosure of
22 the name(s), address(es), and location(s) of all informants or cooperating witnesses used or
23 to be used in this case, and in particular, disclosure of any informant who was a percipient
24 witness in this case or otherwise participated in the crime charged against Mr. Soto-Castro.
25 *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957).  The government must disclose any
26 information derived from informants which exculpates or tends to exculpate Mr. Soto-Castro.
27 *Brady v. Maryland*, 373 U.S. 83 (1963).  The government must disclose any information
28 indicating bias on the part of any informant or cooperating witness.  *Id.*

(10) <u>Residual Request</u>. Mr. Soto-Castro intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

## III.
## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Soto-Castro has received no discovery in this case. He requests leave to file further motions if necessary.

## IV.
## CONCLUSION

Mr. Soto-Castro requests this Court grant his motions.

Respectfully submitted,

Dated: January 7, 2008

/s/ Robert H. Rexrode
**ROBERT H. REXRODE, III**
Attorney for Mr. Soto-Castro
robert_rexrode@rexrodelawoffices.com