**ROBERT H. REXRODE, III**
California State Bar No. 230024
427 C Street, Suite 300
San Diego, California 92101
Telephone: (619) 233-3169, Ext. 13
Facsimile: (619) 684-3553
robert_rexrode@rexrodelawoffices.com

Attorneys for Mr. Javier Soto-Castro

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE MARILYN L. HUFF**)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 07cr3281-H |
| Plaintiff, ) | |
| v. ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND |
| JAVIER SOTO-CASTRO, ) | AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS. |
| Defendant. ) | |

**I.**

**FACTUAL & PROCEDURAL HISTORY**[1]

On November 25, 2007, agents arrested Mr. Soto-Castro at the Calexico West Port of Entry. Agents later found approximately 11.96 kilograms of methamphetamine secreted in the car driven by Mr. Soto-Castro.

On September 5, 2007, the government secured a two-indictment against Mr. Soto-Castro, charging him with importing methamphetamine and possessing methamphetamine with the intent to distribute it.

//

//

---

[1] The following facts are based on information provided by the government. Mr. Soto-Castro does not admit their accuracy and reserves the right to challenge them.

## II.

## MOTION TO SUPPRESS STATEMENTS

**A.  Relevant Facts**[2]

On November 25, 2007, agents arrested Mr. Soto-Castro at the Calexico West Port of Entry. Agents later found approximately 11.96 kilograms of methamphetamine secreted in the car driven by Mr. Soto-Castro. The drugs were first discovered by a Narcotic Detecting Dog (NDD). Following this alert, at least two agents physically removed Mr. Soto-Castro to a secondary office. Mr. Soto-Castro was then physically searched. After this, but before any *Miranda* warnings were given, an agent asked Mr. Soto-Castro a series of questions. Later, after having finally been advised of his rights under *Miranda*, Mr. Soto-Castro declined to answer further questions.

**B.  Governing Law**

The government bears the burden of demonstrating that a defendant's statement is voluntary and that *Miranda* warnings were given prior to a custodial interrogation. *United States v. Harrison*, 34 F.3d 886, 890 (9th Cir. 1994); *see also United States v. Dickerson*, 530 U.S. 428, 439-41 (2000) (discussing constitutional underpinnings of *Miranda v. Arizona*, 384 U.S. 436, 444 (1966) and the need to safeguard "precious Fifth Amendment rights"); *see also* 18 U.S.C. § 3501.

Under *Miranda*, statements made in response to custodial interrogation must be suppressed unless the government can prove that a defendant knowingly, intelligently and voluntarily waived his or her rights to remain silent and speak with an attorney. *United States v. Beraun-Panez*, 812 F.2d 578, 580 (9th Cir. 1987), *as modified on other grounds by United States v. Beraun-Panez*, 830 F.2d 127 (9th Cir. 1987); *Colorado v. Connelly*, 479 U.S. 157, 168-69 (1986). For purposes of *Miranda*, interrogation is questioning by law

---

[2] The following facts are based on information provided by the government. Mr. Soto-Castro does not admit their accuracy and reserves the right to challenge them.

enforcement officials "reasonably likely to elicit an incriminating response from the suspect . . . ." *United States v. Foster*, 227 F.3d 1096, 1102-03 (9th Cir. 2000) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980)).

"An individual is in custody if considering the circumstances surrounding an interrogation 'a reasonable person . . . felt he or she was not at liberty to terminate the interrogation and leave.'" *United States v. Hernandez*, 476 F.3d 791, 796 (9th Cir. 2007) (quoting *Thompson v. Keohane,* 516 U.S. 99, 112 (1995)). "Relevant circumstances to the custody analysis 'include the language used by the officers, the physical characteristics of the place where the question occurs, the degree of pressure applied to detain the individual, the duration of the detention, and the extent to which the person was confronted with evidence of guilt.'" *Id*. (quoting *United States v. Butler,* 249 F.3d 1094, 1099 (9th Cir.2001)).

**C.    Argument**

Mr. Soto-Castro seeks to suppress those statements made to the agent who first questioned him following the drug detecting dog's alert. Mr. Soto-Castro does not expect the government to contend that Mr. Soto-Castro was advised of his rights under *Miranda* before being subjected to this first set of statements. As Mr. Soto-Castro was in custody at that point, agents were required to advise him of his rights under *Miranda*.

Here, following a drug-detecting dog's alert, agents physically moved Mr. Soto-Castro to a secure office. Following a physical search of Mr. Soto-Castro, an agent This same agent asked Mr. Soto-Castro a number of questions regarding who owned the car and where it was that Mr. Soto-Castro was traveling. These questions were reasonably likely to elicit an incriminating response—indeed that is likely why the agents asked those questions. Additionally, under these circumstances, Mr. Soto-Castro was in the agents' custody for purposes of *Miranda*. He had been confronted with a strong suspicion of being involved in criminal activity, had been physically searched and was facing more than one officer. *See Hernandez*, 476 F.3d at 796. Despite this, no agent advised Mr. Soto-Castro at this time of

his rights under *Miranda*. For this reason, the government may not use Mr. Soto-Castro's statements. *Miranda*, 384 U.S. at 479.

Nor has the government demonstrated that Mr. Soto-Castro voluntarily answered the agent's questions. A defendant in a criminal case is deprived of due process of law if the conviction is founded upon an involuntary confession. *Arizona v. Fulminante*, 499 U.S. 279 (1991); *Jackson v. Denno*, 378 U.S. 368, 387 (1964). This is so even when the procedural safeguards of *Miranda* have been satisfied. *Id*. The government bears the burden of proving by a preponderance of the evidence that a confession is voluntary. *Lego v. Twomey*, 404 U.S. 477, 483 (1972). As the government has not demonstrated the Mr. Soto-Castro voluntarily answered the agent's questions, the government may not use these statements by Mr. Soto-Castro.

**D.  Request For Suppression, or on the Alternative, an Evidentiary Hearing**

As it is the government's burden to demonstrate compliance with *Miranda* and that a person's statements were voluntarily made, Mr. Soto-Castro believes this Court should grant the above motion to suppress statements. If this Court does not grant Mr. Soto-Castro's motion to suppress statements based on the above motion, Mr. Soto-Castro requests an evidentiary hearing.

This Court must make a factual finding that the government has complied with *Miranda*. This Court must also make a factual determination as to whether a confession was voluntarily given prior to its admission into evidence. 18 U.S.C. § 3501(a). Where a factual determination is required, courts are obligated by Federal Rule of Criminal Procedure 12 to make factual findings. *See United States v. Prieto-Villa*, 910 F.2d 601, 606-10 (9th Cir. 1990). Because "'suppression hearings are often as important as the trial itself,'" *id.* at 609-10 (quoting *Waller v. Georgia*, 467 U.S. 39, 46 (1984)), these findings should be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's

1 responsive pleading. Under section 3501(b), this Court must consider "all the circumstances
2 surrounding the giving of the confession," including:

> (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel, and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

18 U.S.C. § 3501(b) ("section 3501(b)").

Without the presentation of evidence, this Court cannot adequately consider these statutorily mandated factors and other important factors bearing on voluntariness. Accordingly, Mr. Soto-Castro requests that this Court conduct an evidentiary hearing pursuant to 18 U.S.C. § 3501(a), to determine, outside the presence of the jury, whether any statements made by Mr. Soto-Castro were voluntary and made after compliance with *Miranda*..

### III.

### MOTION TO PRESERVE AND VIEW EVIDENCE

In his previously filed discovery motion, Mr. Soto-Castro requested the preservation of evidence in this case. He renews that request. Specifically, Mr. Soto-Castro requests the government preserve the drugs involved in this case, the car in which Mr. Soto-Castro was arrested and any physical evidence found on Mr. Soto-Castro or in the car in which he was arrested. Mr. Soto-Castro requests an opportunity to view these items at a time mutually convenient to the government and Mr. Soto-Castro. Fed. R. Crim. P. 16(a)(1)(E) (i)-(iii).

### IV.

### MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Soto-Castro has received 72 pages of discovery in this case. He requests leave to file further motions if necessary.

IV.

**CONCLUSION**

Mr. Soto-Castro requests this Court grant his motions.

Respectfully submitted,

Dated: March 3, 2008

 /s/ Robert H. Rexrode
**ROBERT H. REXRODE, III**
Attorney for Mr. Soto-Castro
robert_rexrode@rexrodelawoffices.com