| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | ANDREW G. SCHOPLER |
| | Assistant U.S. Attorney |
| 3 | California State Bar No. 236585 |
| | Federal Office Building |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, California 92101-8893 |
| 5 | Telephone No.: (619) 557-5836 |
| | Facsimile No.: (619) 235-2757 |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3281-H |
| | ) | |
| Plaintiff, | ) | Date: April 14, 2008 |
| | ) | Time: 2:00 p.m. |
| v. | ) | |
| | ) | UNITED STATES' RESPONSE IN |
| JAVIER SOTO-CASTRO, | ) | OPPOSITION TO DEFENSE MOTIONS TO: |
| | ) | |
| Defendant. | ) | (1)  SUPPRESS STATEMENTS |
| | ) | (2)  PRESERVE AND VIEW EVIDENCE |
| | ) | (3)  FILE FURTHER MOTIONS |
| | ) | |
| | ) | TOGETHER WITH STATEMENT OF FACTS, |
| | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES, AND UNITED STATES' |
| | ) | RENEWED MOTION FOR: |
| | ) | |
| | ) | (1)  RECIPROCAL DISCOVERY |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel KAREN P. HEWITT, United States Attorney, and ANDREW G. SCHOPLER, Assistant U.S. Attorney, and hereby files its response in opposition to the motions filed on behalf of defendant JAVIER SOTO-CASTRO ("Defendant") and hereby files its renewed motion for reciprocal discovery, which are based upon the files and records of this case.

//

**I**

**INTRODUCTION**

Defendant stands charged with importing 11.96 kilograms of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960, and possessing with intent to distribute 11.96 kilograms of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

**II**

**STATEMENT OF FACTS**

For the purposes of Defendant's motion to suppress statements, the most relevant facts are as follows:

On November 25, 2007, at approximately 1:58 p.m., Defendant entered the United States from Mexico at the Calexico West Port of Entry, as the registered owner, driver and sole occupant of a 2004 Dodge Neon, bearing California license plate number 6AUX707. In primary inspection, Defendant appeared nervous and the vehicle was referred for secondary inspection.

In the secondary inspection area, a narcotic detector dog ("NDD") alerted to the dash area of the vehicle during a lot sweep. Customs and Border Protection Officer ("CBPO") Castillo was notified of the alert and escorted Defendant to the secondary security office, where a pat-down was conducted for weapons or contraband (with negative results). While in the secondary office, Defendant made a number of statements to CBPO Castillo, in response to questions about the vehicle, the purpose of his trip, and his activities in Mexico. For example, Defendant stated that (1) he was not bringing anything from Mexico, (2) he was only bringing candy and popcorn, (3) the vehicle was his, (4) that he owned the vehicle for about four months, (5) that he was coming from Mexicali, and several other statements.

**III**

**POINTS AND AUTHORITIES**

**A.   THE MOTION TO SUPPRESS DEFENDANT'S SECONDARY STATEMENTS SHOULD BE DENIED**

Defendant moves to suppress the statements he made to CBPO Castillo in the inspection lot security office, on the grounds that they were the result of custodial interrogation without prior

1  Miranda warnings. We disagree. Miranda warnings are only required before "custodial
2  interrogation." United States v. Eide, 875 F.2d 1429, 1437 (9th Cir. 1989). Here Defendant was
3  not in custody and he was not subject to interrogation.

### (1) Defendant Was Not In Custody

First, Defendant was not in "custody" for Miranda purposes. There are four types of police-citizen contacts: (1) consensual encounters, which do not implicate any constitutional prohibition and need not be supported by suspicion; (2) routine border, checkpoint or Customs detentions, where "officials can engage in routine searches and questioning without any suspicion whatsoever," United States v. Bravo, 295 F.3d 1002, 1011 n.8 (9th Cir. 2002) (emphasis in original); (3) investigative detentions or so-called "Terry stops," see Terry v. Ohio, 392 U.S. 1 (1968), seizures of limited scope and duration that must be supported by a reasonable suspicion of criminal activity; and (4) custodial arrests, which require probable cause. United States v. Ayarza, 874 F.2d 647, 650 (9th Cir. 1989).

For Miranda purposes, "custody" is the functional equivalent of the fourth situation listed above, i.e., formal arrest. See Stansbury v. California, 511 U.S. 318, 322 (1994) (per curiam) (Miranda applies where there is "a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest") (citation and internal quotations omitted). Absent "custody," any lesser encounter—including an investigative detention—does not require Miranda warnings. Berkemer v. McCarty, 468 U.S. 420, 439-40 (1984); United States v. Woods, 720 F.2d 1022, 1029 (9th Cir. 1983) ("[E]ven though one's freedom of action is inhibited to some degree during an investigatory detention, Miranda warnings need not be given prior to questioning.").

The question of whether a defendant is in "custody" or has merely been "detained" by police, for Miranda purposes, "depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." Stansbury, 511 U.S. at 323. The district court must look at the totality of the circumstances to determine "custody" and no one factor is determinative. Probable cause to arrest "might be one factor to consider in determining someone's custodial status in the twilight zone between detention

1 and custody," but mere probable cause does not compel a finding of custody. United States v.
2 Butler, 249 F.3d 1094, 1099 (9th Cir. 2001). Even "handcuffing alone is not determinative."
3 United States v. Bravo, 295 F.3d 1002, 1010 (9th Cir. 2002).

4     Indeed, the objective circumstances at the border significantly alter the custodial analysis,
5 because it is well recognized that Fourth Amendment rules are different at the border, and that
6 travelers crossing the border may be routinely searched and detained without probable cause. See
7 United States v. Montoya de Hernandez, 473 U.S. 531, 536-38 (1985); United States v. Ramsey,
8 431 U.S. 606, 619 (1977); United States v. Butler, 249 F.3d 1094, 1100 (9th Cir. 2001) ("[T]he
9 government has more latitude to detain persons in a border-crossing context.") (citation omitted).
10 For this reason, **"the mere detention of a person in a border station's security office from**
11 **which he or she is not free to leave, while a search of a vehicle occurs, is not 'custody' for**
12 **[Miranda] purposes."** United States v. Butler, 249 F.3d 1094, 1100 (9th Cir. 2001).

13     The case of United States v. Bravo, 295 F.3d 1002 (9th Cir. 2002), is instructive. In Bravo,
14 the defendant entered the Calexico West Port of Entry as the sole driver of a Chevrolet Silverado
15 truck. In primary inspection, the defendant seemed "overly-friendly," so the inspector requested
16 a narcotic detector dog ("NDD"). The NDD alerted to the toolbox in the bed of the truck, and
17 inspectors found a space discrepancy between the floor of the toolbox and its actual bottom.
18 Inspectors then frisked the defendant's waist, handcuffed him and escorted him to the security
19 office to await the results of the search of the truck. At the security office, the inspector removed
20 the handcuffs, performed a more thorough pat-down of the defendant's outer clothing, a search of
21 his shoes and had the defendant empty his pockets. Inspectors then found over 50 kilograms of
22 marijuana in the false floor of the toolbox. An inspector then returned to the security office, told
23 the defendant he was under arrest and placed him in a holding cell. Bravo, 295 F.3d at 1004-05.

24     The defendant in Bravo argued that he was in custody at least by the time the canine had
25 alerted to his vehicle, followed by the "handcuffing, frisk, pat-down, and shoe search" at the
26 security office. Bravo, 295 F.3d at 1009-10. The Ninth Circuit disagreed. However, the Bravo
27 court found that the defendant was merely "detained" following the canine alert and his escort to
28

1    the security office in handcuffs. The detention did not blossom into a custodial arrest until he was
2    taken to a locked detention cell. Id. at 1011-12.
3        Similarly, Defendant here was merely detained and not in "custody," for Miranda purposes,
4    when the canine alerted to his vehicle and he was escorted to the security office. Indeed,
5    Defendant was subjected to far less intrusive detainment than the defendant in Bravo. For
6    example, he was not handcuffed prior to questioning.
7                **(2)    Defendant Was Not Subjected to Interrogation**
8        Second, Defendant was not subjected to "interrogation," for the purposes of Miranda.
9    Under Miranda, "interrogation" is questioning that is "reasonably likely to elicit an incriminating
10   response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980). "Routine
11   questioning by customs officials is normally not custodial interrogation that triggers Miranda."
12   United States v. Manasen, 909 F.2d 1357, 1358 (9th Cir. 1990). Here all of the questions CBPO
13   Castillo asked Defendant in the secondary office were routine border questions; thus, they were
14   not "interrogation" for the purposes of Miranda.
15           **B.    NO OPPOSITION TO PRESERVING/VIEWING EVIDENCE**
16       The United States has no opposition to the entry of an order to preserve evidence, and the
17   United States will make all of the physical evidence available for the defense to view and inspect
18   at any mutually convenient time.
19           **C.    NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS**
20       The Government does not oppose granting leave to file further motions, so long as any new
21   motions are based on new discovery and the order applies equally to both parties.
22                                    **IV**
23         **UNITED STATES' RENEWED MOTION FOR RECIPROCAL DISCOVERY**
24       The United States renews its motion for reciprocal discovery (including expert discovery),
25   which was set forth in its last filing and is incorporated herein by reference.
26   //
27   //
28

## V

## CONCLUSION

For the foregoing reasons, the United States requests that the Court deny Defendant's motions, except where unopposed, and grant the United States' renewed motion for reciprocal discovery.

DATED: March 21, 2008

                                    Respectfully submitted,

                                    KAREN P. HEWITT
                                    United States Attorney

                                    /s/ *Andrew G. Schopler*
                                    ANDREW G. SCHOPLER
                                    Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3281-H |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| JAVIER SOTO-CASTRO, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, ANDREW G. SCHOPLER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS; and UNITED STATES' RENEWED MOTION FOR RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Robert H. Rexrode III

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 21, 2008

/s/ *Andrew G. Schopler*
ANDREW G. SCHOPLER
Assistant United States Attorney