1  **ROBERT H. REXRODE, III**
   California State Bar No. 230024
2  427 C Street, Suite 300
   San Diego, California 92101
3  Telephone: (619) 233-3169, Ext. 13
   Facsimile: (619) 684-3553
4  robert_rexrode@rexrodelawoffices.com

5
   Attorneys for Mr. Javier Soto-Castro
6

7
                    UNITED STATES DISTRICT COURT
8
                   SOUTHERN DISTRICT OF CALIFORNIA
9
                    (**HONORABLE MARILYN L. HUFF**)
10
   UNITED STATES OF AMERICA,        )    CASE NO.  07cr3281-H
11                                   )
              Plaintiff,             )
12 v.                                )    STATEMENT OF FACTS AND
                                     )    MEMORANDUM OF POINTS AND
13 JAVIER SOTO-CASTRO,               )    AUTHORITIES IN SUPPORT OF
                                     )    DEFENDANT'S RESPONSE TO THE
14            Defendant.             )    GOVERNMENT'S MOTIONS IN
   _____   )    LIMINE
15

16                                 **I.**

17                        **PROCEDURAL HISTORY**

18       On April 28, 2008, this Court ordered the parties to file their motions in limine on

19 June 30, 2008, with any *response* to be filed on July 14, 2008.  Mr. Soto-Castro chose to file

20 no motions in limine.  The government chose to file their substantive motions in limine on

21 Sunday, July 13, 2008.  Mr. Soto-Castro received these motions on Monday July 13, 2008.

22 Although Mr. Soto-Castro objects to the government's motions because they are so untimely,

23 he responds as best he can.

24                                 **II.**

25           **REPLY TO THE GOVERNMENT'S MOTIONS IN LIMINE**

26       The government has filed ten substantive motions in limine, one of which is broken

27 into sub-parts.  for ease of reference, Mr. Soto-Castro will list his responses under the

28 headings used by the government.

**A.     Expert Testimony**

     **1.     Expert Testimony Regarding Substance Seized**

Mr. Soto-Castro objects to this testimony. The government has provided zero information regarding its proposed expert, or any information regarding the tests it says have been conducted. *See* Fed.R.Cr.P. 16 (a)(1)(F)-(G); Fed. R. Evid. 702-703; *United States v. Fort*, 472 F.3d 1106, 1121-22 (9th Cir. 2007).

     **2.     Expert Testimony Regarding Value of Methamphetamine**

Mr. Soto-Castro objects to this testimony. The government has provided zero information regarding its proposed expert, or any information regarding the bases for it proposed expert's opinion. *See* Fed.R.Cr.P. 16 (a)(1)(F)-(G); Fed. R. Evid. 702-703; *United States v. Fort*, 472 F.3d 1106, 1121-22 (9th Cir. 2007).

The government also seeks to have this same expert opine that 11.96 kilograms of methamphetamine is not for personal use. Given the manner in which the government's motion is written, Mr. Soto-Castro fears this "opinion" will be the vehicle through which the government seeks to introduce testimony regarding other drug cases. In an effort to stave off such irrelevant and prejudicial testimony, Mr. Soto-Castro agrees to stipulate that: "11.96 kilograms of methamphetamine is not a personal use amount."[1]

     **3.     Expert Testimony Regarding Structure Evidence**

Mr. Soto-Castro has no intention of asking about the lack of "fingerprints" in this case. The government's advisory motion is therefore moot.

//

//

//

---

[1] Additionally, the government's desire to have an agent state categorically that the amount of methamphetamine is "an amount for distribution" would fun afoul of Federal Rule of Evidence 704 (b).

1  **B.    Demeanor Evidence**

2  Mr. Soto-Castro objects to this testimony. Although agents may certainly describe
3  what they observed, they cannot opine that a person was (or was not) nervous without the
4  government providing proper notice and the bases for their "expert's" opinion. *See*
5  Fed.R.Cr.P. 16 (a)(1)(F)-(G); Fed. R. Evid. 702-703; *United States v. Fort*, 472 F.3d 1106,
6  1121-22 (9th Cir. 2007).

7  **C.    Certified Documents**

8  As the government has not identified those documents it seeks to introduce,
9  Mr.Soto-Castro cannot respond intelligently to this motion.

10 **D.    Evidence of penalty**

11 Mr. Soto-Castro does not intend to violate Ninth Circuit law by arguing "punishment"
12 to the jury.

13 **E.    Reference to Characteristics of Mr. Soto-Castro**

14 Mr. Soto-Castro does not intend to violate Ninth Circuit law by playing on the
15 "sympathy" of the jury, or by asking to engage in "nullification." Mr. Soto-Castro will limit
16 his evidence, if he chooses to on any, to relevant evidence.

17 **F.    Admission of Mr. Soto-Castro's Statements**

18 Mr. Soto-Castro does not intend to introduce any "out-of-court" statement made by
19 him. Indeed, Mr. Soto-Castro moved, pre-trial, to exclude statements allegedly made by him
20 to agents. *See* Docket No. 19. He renews that motion. If the government chooses to
21 introduce some of these statements, however, Mr. Soto-Castro reserves the right to move to
22 introduce the balance of his statements if failure to do so would leave the jury with a unfair
23 picture of what occurred at the border.

24 **G.    Limit Character Witnesses and Lack of Prior Record**

25 Mr. Soto-Castro is well aware of Ninth Circuit law regarding the permissible uses of
26 character evidence and, if he chooses to introduce such evidence, will follow that law.

27

28                                        3                              07cr3281

**H.     Booking Questions**

As the government has failed to identify what statements it considers to have been the result of "routine" booking questions, Mr. Soto-Castro cannot intelligently answer this motion.

**I.     Exclude Expert Testimony**

Mr. Soto-Castro does not intend to introduce expert testimony.

**J.     Exclusion of Witnesses**

Mr. Soto-Castro does not oppose the government's request, requesting only that his investigator be able to approach counsel table if needed during trial.

### III.

### CONCLUSION

Mr. Soto-Castro requests this Court consider this response when ruling on the government's motions in limine.

Respectfully submitted,

Dated: July 15, 2008

/s/ Robert H. Rexrode
**ROBERT H. REXRODE, III**
Attorney for Mr. Soto-Castro