**ROBERT H. REXRODE, III**
California State Bar No. 230024
427 C Street, Suite 300
San Diego, California 92101
Telephone: (619) 233-3169, Ext. 13
Facsimile: (619) 684-3553
robert_rexrode@rexrodelawoffices.com

Attorney for Mr. Javier Soto-Castro

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 07cr3281-H |
| ) | |
| Plaintiff, ) | DATE: July 22, 2008 |
| ) | TIME: 9:00 a.m. |
| v. ) | |
| ) | DEFENDANT'S PROPOSED JURY |
| JAVIER SOTO-CASTRO, ) | INSTRUCTIONS |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
      ANDREW G. SCHOPLER, ASSISTANT UNITED STATES ATTORNEY.

   Mr. Soto-Castro, by and through his counsel, Robert R. Rexrode, and pursuant to Federal Rule of Criminal Procedure 30, requests that the Court instruct the jury on the law as set forth herein. Mr. Soto-Castro also requests leave to offer further jury instructions as may become relevant during the course of the trial.

                                        Respectfully submitted,

Dated: July 16, 2008                    *s/ Robert H. Rexrode III*
                                        **ROBERT H. REXRODE III**
                                        Attorney for Mr. Soto-Castro

Defendant's Proposed Standard Instructions
(Ninth Circuit Model Criminal Jury Instructions, Sept. 2003):

| Instruction Number | Title |
|---|---|
| 3.3 or 3.4 (as appropriate) | Defendant's Decision Not to Testify/to Testify |

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. \_1\_\_

The Government has the burden of proving Mr. Soto-Castro guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the Government's proof must be more powerful than that. It must be proof beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of a defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that Mr. Soto-Castro is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that Mr. Soto-Castro is not guilty, you must give him the benefit of the doubt and find him not guilty. You may not convict Mr. Soto-Castro on the basis of mere suspicion or speculation.

<u>Authority</u>

<u>Victor v. Nebraska</u>, 511 U.S. 1, 27 (1994) (Ginsburg, J., concurring) (quoting Federal Judicial Center, Pattern Criminal Jury Instructions, at 17-18 (instruction 21)); <u>see also</u> <u>United States v. Andrews</u>, 75 F.3d 552, 556 (9th Cir. 1996) ("mere suspicion or speculation will not provide sufficient evidence"), <u>cert. denied</u>, 517 U.S. 1239 (1996); <u>United States v. Dinkane</u>, 17 F.3d 1192, 1196 (9th Cir. 1994) (same); <u>United States v. Stauffer</u>, 922 F.2d 508, 514 (9th Cir. 1990) (same).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO.   2

Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the [government has] proved each fact essential to that conclusion beyond a reasonable doubt.

Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.

<u>Authority</u>

California Criminal Jury Instruction, No. 224 (CALJIC 2008).

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. ____3____

3

4  Mr. Soto-Castro is charged in Count 1 of the indictment with unlawful importation of methamphetamine in violation of Sections 952 and 960 of Title 21 of the United States Code. In order for Mr. Soto-Castro to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Soto-Castro intentionally brought methamphetamine into the United States;

Second, Mr. Soto-Castro knew that it was methamphetamine that he was bringing into the United States; and,

Third, Mr. Soto-Castro knew that the quantity of methamphetamine was approximately 11.96 kilograms.

## Authority

Manual of Model Jury Instructions for the Ninth Circuit, § 9.27 (2003 ed.) (modified). Mr. Soto-Castro recognizes this proposed instruction runs contrary to Ninth Circuit law. See United States v. Hernandez, 322 F.3d 592, 602 (9th Cir. 2003) Nonetheless, he proposes it to preserve the issue under the principles of Apprendi v. New Jersey, 530 U.S. 466 (2000) and Justice Scalia's observations in Rita v. United States, 127 S.Ct. 2456, 2474-84 (2007) (Scalia, J., concurring in the judgement).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. \_\_\_\_4\_\_\_\_

    Mr. Soto-Castro is charged in Count 2 of the indictment with possession of methamphetamine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for Mr. Soto-Castro to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

    First, Mr. Soto-Castro knowingly possessed methamphetamine;

    Second, Mr. Soto-Castro possessed methamphetamine with the intent to deliver it to another person; and,

    Third, Mr. Soto-Castro knew that he possessed 11.96 kilograms of methamphetamine, and intended to distribute that amount.

### Authority

Manual of Model Jury Instructions for the Ninth Circuit, § 9.27 (2003 ed.) (modified). Mr. Soto-Castro recognizes this proposed instruction runs contrary to Ninth Circuit law. See United States v. Hernandez, 322 F.3d 592, 602 (9th Cir. 2003) Nonetheless, he proposes it to preserve the issue under the principles of Apprendi v. New Jersey, 530 U.S. 466 (2000) and Justice Scalia's observations in Rita v. United States, 127 S.Ct. 2456, 2474-84 (2007) (Scalia, J., concurring in the judgement).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____